# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

ROUNDMUP, LLC d/b/a LASSO,
*Plaintiff,*

vs.

FACEBOOK, INC.,
*Defendant.*

Case No.   0:19-cv-1604

**COMPLAINT**

---

      Plaintiff RoundmUp, LLC. d/b/a Lasso ("Lasso") by its attorneys, for its Complaint against Defendant Facebook, Inc. ("Defendant" or "Facebook"), upon personal knowledge as to its own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

      1.      Founded in 2014, Lasso is a social media company physically based in Minnesota with a primary mission of developing online products and services.  In 2017, it launched its first project, the Lasso mobile phone application ("Lasso App").  The Lasso App is a social-media application that encourages and facilitates its users to eat out with friends by providing local food and restaurant deals without charge.

      2.      To promote the Lasso App and brand, Lasso purchased numerous advertisements on the Facebook platform starting in May 2017.  Lasso further filed a trademark registration application for the "Lasso" mark on January 24, 2018.  The U.S. Patent and Trademark Office ("USPTO") approved the mark for publication on May 8, 2018.  The mark was then registered on August 28, 2018.

1

3.      To put it mildly, Facebook was directly aware of the Lasso App and Lasso's use of the "Lasso" mark for purposes of a social media smartphone application—not in small part due to the approximately $12,500 in advertising fees Facebook collected from Lasso from May 2017 to September 2018 for Lasso's advertising of the Lasso App on Facebook.  Nevertheless, on November 9, 2018, Facebook released its own social media smartphone application named Lasso ("Facebook Lasso App")—more than a full year after Lasso began using its mark in commerce and after Lasso had paid Facebook to advertise the same mark.

4.      Following the release of the Facebook Lasso App, significant confusion resulted among consumers.  For example, a flood of new users initially installed the Lasso App but then uninstalled the app shortly thereafter, presumptively realizing it was not the identically named Facebook Lasso App.  Since the release of the Facebook Lasso App, the Lasso App has suffered from low user retention and a significant increase in requisite digital advertising costs to gain new users.

5.      If Facebook's infringing activities are not enjoined, such actions will continue to cause significant confusion among consumers and significant harm to Lasso.  As a result, Lasso brings this Complaint alleging federal trademark infringement, false designation of origin under 15 U.S.C. § 1125, unfair competition under 15 U.S.C. § 1125, Minnesota common law trademark infringement, and deceptive trade practices under Minn. Stat. § 325D.44.

## PARTIES

6.      Plaintiff RoundmUp, LLC, d/b/a Lasso is a limited liability company organized under the laws of Minnesota, maintaining its principal place of business at 4165 Yosemite Avenue S, St. Louis Park, Minnesota 55416.

7.      Defendant Facebook, Inc. is a Delaware corporation maintaining its principal place of business at 1601 Willow Road, Menlo Park, California 94025.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the Lanham Act claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has subject matter jurisdiction over the related state law claims raised in this action pursuant to 28 U.S.C. §§ 1338(b) and 1367.

9.      This Court also has subject matter jurisdiction under 28 U.S.C. § 1332, as this dispute is between parties incorporated and having their principal places of business in diverse states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (2) and/or (3). As to § 1391(b)(1), this is a District "in which any defendant [Facebook] resides" and "all defendants [Facebook] are residents of the State in which the district is located."  That is the case because Facebook is subject to this Court's personal jurisdiction with respect to this action.  See 28 U.S.C. § 1391(c)(2).

11.     As to § 1391(b)(2), a "substantial part of the events…giving rise to the claim[s] occurred" in this District given that, *inter alia*, Lasso developed and released its priority mark in this District.

12.     Personal jurisdiction is proper because Facebook routinely conducts business in this District, has committed tortious acts within the State of Minnesota, and has other contacts with the State of Minnesota.

## BACKGROUND FACTS

### Lasso is Founded

13.     RoundmUp, LLC, d/b/a Lasso is a social media company founded in 2014 with the primary mission of developing online products and services.  In addition to its founder, Lasso currently employs nine brand ambassadors and four marketing interns.

14.     Lasso's first project was a social media smartphone application—the Lasso App—that shared local food and restaurant deals and promotions.  The Lasso App was released on June 16, 2017, and is available on both Android and iOS.

15.     Lasso, its founder, and its employees have dedicated substantial time and means to promote the success of the Lasso App.  As a start-up company, Lasso has raised substantial outside capital and the founder has personally invested substantial sums.  To date, Lasso has spent $93,500 in marketing expenses, including twenty four marketing events.

16.     Further, in October 2017, Lasso participated in the Twin Cities Startup Week Beta Showcase—an exclusive event providing founders of the top emerging companies the opportunity to present their technologies or companies to investors, journalists, and tech enthusiasts.

17.     As a result of these efforts, Lasso so far has 800 monthly active users and one hundred daily active users.  A total number of 5,210 diners have received deals using the Lasso App at 38 partner restaurants.  Across all users, 1,680 meetups have been held with the help of the Lasso App.

18.     Currently, the Lasso App operates in its home market of Minneapolis/St. Paul, but plans to expand to three new markets—Duluth, Mankato, and Madison—by the end of 2019.

**Lasso's Trademark Registration**

19.     Lasso currently owns the U.S. Trademark Registration No. 5,550,304 for LASSO for "computer application software for mobile phones, namely, software for incentivizing users to bring together friends for group gatherings."  Lasso filed an application for this registration on January 24, 2018.  The USPTO approved the mark for publication on May 8, 2018.  The mark was subsequently registered on August 28, 2018.

20.     Lasso also owns the U.S. Trademark Registration No. 5,550,303 for a design mark related to the Lasso App, but that mark is not relevant to the issues presented herein.

**Lasso Promotes the Lasso App on Facebook & Uses the LASSO Mark In Commerce**

21.     In an effort to expand its user base, Lasso paid for digital advertisements on the popular Facebook social media network to promote its Lasso App.

22.     From May 24, 2017, to September 30, 2018, Lasso paid Facebook $12,530.35 to advertise the Lasso App on its social network.  These advertisements clearly contained and displayed the LASSO mark.

23.     Lasso also maintained and continues to maintain a public page on the Facebook platform containing and displaying the LASSO mark.  Lasso also maintained and continues to maintain a public profile containing and displaying the LASSO mark on the Facebook-owned Instagram social networking and photo sharing platform.

24.     Since the conception and launch of the Lasso App, Lasso has invested substantial time, resources, and effort developing and advertising its app.  Lasso has used and promoted the LASSO mark actively, continuously, and prominently in association with the Lasso App.

25.     Notably, Lasso has invested $93,500 in marketing expenses to promote the Lasso App.  Beyond just digital marketing campaigns, Lasso has hosted twenty-four marketing events, such as on-the-ground advertising campaigns at universities.  Further, Lasso currently employs nine brand ambassadors and four marketing interns.

26.     As a result of their advertising efforts, the Lasso App currently boasts 800 monthly active users and one hundred daily active users.  In total, 5,210 diners have used the Lasso App to get deals at thirty-eight restaurant partners.  The Lasso App is currently based in its local market of Minneapolis/St. Paul, but plans to expand to three new markets by the end of 2019.

### Facebook's Infringing and Unfair Conduct

27.     Defendant is an online social media and social networking company founded in 2004.

28.     On or about November 9, 2018, Facebook launched a social media smartphone application also named Lasso, despite previously receiving payments from Lasso and displaying advertisements for the Lasso App with the LASSO mark.

29.     As a result of the release of the Facebook Lasso App, both consumers of the Lasso App and Facebook Lasso App have been confused.  Numerous Lasso representatives, on

more than one occasion, have firsthand witnessed confused consumers mistakenly downloading the Facebook Lasso App when they intended to download the Lasso App.

30.     Additionally, a week after the release of the Facebook Lasso App, download activity for the Lasso App increased 62% on a weekly basis.  While spikes in download activity have occurred over the life of the company, Lasso has never seen (a) a 62% spike in activity, that (b) had no contemporaneous, active marketing campaign to explain it, and (c) resulted in a dramatic drop in retention.  In fact, during this period, the Lasso App experienced a sharp drop in weekly retention from 33% to 7% and monthly retention from 22% to 6%, suggesting that users who downloaded the Lasso App at that time were confused about which app they were downloading.

31.     In the month following the release of the Facebook Lasso App, the app store conversion rate for the Lasso App—a measure of application downloads divided by the number of application page views in the app store—fell from 13.3% for the three months prior to Facebook Lasso App's release to **0.8%.**  This suggests that consumers interested in Facebook Lasso App initially clicked on the Lasso App's page, thinking it was the Facebook Lasso App, and then didn't download the Lasso App when they realized their mistake.

32.     Further, the cost per user acquisition for Lasso for the Lasso App increased from $2.81 to $7.96, a **183% increase** in digital advertising costs.  Lasso continues to suffer this increase in digital advertising costs to promote the Lasso App.

33.     The launch of Facebook Lasso App post-dates both Lasso's date of first use of its LASSO mark in commerce and the federal trademark registration of the LASSO mark.  Thus, Lasso's rights in the LASSO mark accordingly predate those of Facebook.

34.     Facebook's use of "Lasso" for a mobile phone application will inevitably cause a likelihood of consumer confusion, harm the goodwill in Lasso's mark, and cause confusion as to the source, origin, and/or sponsorship of Lasso's app.

35.    Because of the nature of smartphone applications, Facebook's use of "Lasso" will further cause confusion among consumers as to which application they should download, thereby causing harm to consumers and to Lasso.

## FIRST COUNT

### (Federal Trademark Infringement)

36.    Lasso incorporates by reference the allegations in the preceding and succeeding paragraphs of the Complaint.

37.    Lasso is the owner of the LASSO mark that is the subject of the U.S. Trademark Registration No. 5,550,304.

38.    Lasso uses the LASSO mark in commerce in connection with its mobile phone application, the Lasso App.

39.    Lasso's LASSO mark is valid and enforceable against third parties, including Facebook.

40.    Facebook has used and continues to use trademarks in interstate commerce, which marks are confusingly similar to Lasso's LASSO mark, in connection with a mobile phone application similar to the Lasso App.

41.    Facebook's actions are likely to cause, have caused, and will continue to cause confusion, mistake, and deception in the minds of customers as to the source or origin of Facebook's and Lasso's mobile phone application, in violation of 15 U.S.C. § 1114.

42.    Facebook acted with full knowledge that its actions would cause confusion, mistake, and deceive consumers, which constitutes a willful violation of the Lanham Act.  In fact, Facebook took money from Lasso to advertise the Lasso App and the LASSO mark more than a year before the launch of its own infringing mobile phone application.

43.    Facebook had knowledge of, directed, controlled, supervised, acted in concert with, and/or took action that contributed to these unlawful activities.

44.    As a direct and proximate result of Facebook's federal trademark infringement, Lasso has suffered, and unless Facebook is enjoined by this Court will continue to suffer,

7

irreparable injury to Lasso's business, reputation, and goodwill in the LASSO mark for which Lasso has no full and adequate remedy at law.

45.     As a direct and proximate result of Facebook's federal trademark infringement, Lasso has been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

## SECOND COUNT

### (False Designation of Origin Under 15 U.S.C. § 1125)

46.     Lasso incorporates by reference the allegations in the preceding and succeeding paragraphs of the Complaint.

47.     Lasso owns the federally registered LASSO mark, which was registered on August 28, 2018.

48.     Facebook has used and continues to use a mark that is confusingly similar to the LASSO mark without Lasso's consent.

49.     Facebook's unauthorized use in commerce of a mark that is confusingly similar to Lasso's LASSO mark has caused and is likely to continue to cause confusion or mistake, or to deceive consumers and potential consumers, the public, and the trade concerning an affiliation, connection, or association between Facebook and Lasso when there is no such affiliation, connection, or association.

50.     Facebook's activities, alleged herein, have a substantial economic effect on interstate commerce.

51.     Facebook's activities, alleged herein, constitute false designation of origin within the meaning of 15 U.S.C. § 1125(a).

52.     Lasso has been irreparably injured by Facebook's false and misleading conduct in violation of 15 U.S.C. § 1125(a).

53.     Facebook acted willfully, with knowledge of Lasso's rights in the LASSO mark, and those acts constitute a willful violation of the Lanham Act.

54.     As a direct and proximate result of this false designation of origin, Lasso has suffered, and unless Facebook is enjoined by this Court will continue to suffer, irreparable injury to Lasso's business, reputation, and goodwill in the LASSO mark for which Lasso has no full and adequate remedy at law.

55.     As a direct and proximate result of Facebook's false designation of origin, Lasso has been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

### THIRD COUNT

### (Unfair Competition Under 15 U.S.C. § 1125)

56.     Lasso incorporates by reference the allegations in the preceding and succeeding paragraphs of the Complaint.

57.     Lasso has and currently uses the LASSO marks to identify itself and the source of its mobile phone application.

58.     Facebook's use of marks that are confusingly similar to Lasso's LASSO mark has incorporated the goodwill of Lasso which includes the acquired goodwill of the LASSO marks and Lasso's reputation in connection with the goods offered by Lasso, which Facebook has benefited from in connection with its mobile phone application.

59.     Facebook's continued unauthorized use of marks that are confusingly similar to Lasso's LASSO mark is likely to cause confusion or mistake as to the affiliation, connection, or association between Facebook and Lasso as to the possible origin, sponsorship or approval of Facebook Lasso App and the Lasso App.

60.     Facebook's use of marks that are confusingly similar to Lasso's LASSO mark misrepresents that Facebook is affiliated with Lasso, or vice versa, which constitutes unfair competition with Lasso in violation of 15 U.S.C. § 1125(a).  Facebook is continuing and is likely to continue in its course of unfair competition.

61.     As a direct and proximate result of Facebook's unfair competition, Lasso has suffered, and unless Facebook is enjoined by this Court will continue to suffer, irreparable injury

to Lasso's business, reputation, and goodwill in the LASSO mark for which Lasso has no full and adequate remedy at law.

62.      As a direct and proximate result of Facebook's unfair competition, Lasso has been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

## FOURTH COUNT

## (Common Law Trademark Infringement Under Minnesota Law)

63.      Lasso incorporates by reference the allegations in the preceding and succeeding paragraphs of the Complaint.

64.      By virtue of having used and continuing to use the LASSO mark in commerce, including in Minnesota, Lasso has acquired common law trademark rights in the LASSO mark.

65.      Facebook's use of a mark that is confusingly similar to the LASSO mark infringes Lasso's common law trademark rights in the LASSO mark and is likely to cause confusion, mistake, or deception among consumers, who will believe that the Lasso App originates from, or is affiliated with, or is endorsed by Facebook, when in fact, it is not.

66.      By virtue of acts complained of herein, Facebook has intentionally caused a likelihood of confusion among the public and has unfairly competed with Lasso in violation of the common law of the State of Minnesota.

67.      As a direct and proximate result of Facebook's common law trademark infringement and unfair competition, Lasso has suffered, and unless Facebook is enjoined by this Court will continue to suffer, irreparable injury to Lasso's business, reputation, and goodwill in the LASSO mark for which Lasso has no full and adequate remedy at law.

68.      As a direct and proximate result of Facebook's common law trademark infringement and unfair competition, Lasso has been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

## FIFTH COUNT

## (Deceptive Trade Practice Under Minn. Stat. § 325D.44)

69.     Lasso incorporates by reference the allegations in the preceding and succeeding paragraphs of the Complaint.

70.     In the course of conducting its business, Facebook's conduct—specifically, its use of a mark confusingly similar to Lasso's LASSO mark in a manner that is likely to cause consumer confusion—constitutes deceptive trade practices in violation of Minnesota Statute §325D.44.  The fact that the Lasso App and Facebook Lasso App share the same name is likely to cause and has caused confusion or misunderstanding about the respective mobile phone application's source, affiliation, and sponsorship.

71.     As a direct and proximate result of Facebook's deceptive trade practice, Lasso has suffered, and unless Facebook is enjoined by this Court will continue to suffer, irreparable injury to Lasso's business, reputation, and goodwill in the LASSO mark for which Lasso has no adequate remedy at law.

72.      As a direct and proximate result of Facebook's deceptive trade practice, Lasso has been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, Lasso respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to an Order:

1.     Finding that: (i) Facebook has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); (ii) Facebook has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) for false designation of origin; (iii) Facebook has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) for unfair competition; (iv) Facebook has committed trademark infringement under Minnesota common law; and (v) Facebook has committed deceptive trade practices under Minnesota Statute § 325D.44.

2.     Entering a preliminary and permanent injunction enjoining and restraining Facebook from using in commerce or in connection with any goods or services any mark, name,

or design that creates a likelihood of confusion with Lasso's LASSO mark and from engaging in any other acts of unfair competition and in engaging in false designation of origin;

3.      Awarding Lasso all direct damages, indirect damages, consequential damages (including lost profits), special damages, costs, fees, and expenses incurred by reason of Facebook's trademark infringement, unfair competition, and false advertising;

4.      Awarding Lasso treble damages sustained as a result of Facebook's unlawful conduct, pursuant to 15 U.S.C. § 1117(a);

5.      Ordering an accounting and disgorgement by Facebook to Lasso for any and all profits derived as a result of marketing, promoting, or selling goods or services under the marks that are confusingly similar to Lasso's mark;

6.      Awarding actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit;

7.      Awarding Lasso pre-judgment interest on any money awarded and made part of the judgment;

8.      Awarding Lasso its actual costs and attorneys' fees incurred in bringing this action pursuant to 15 U.S.C. § 1114, 15 U.S.C. § 1125(a) and Minnesota Statute § 325D.44; and

9.      Granting such other relief the Court deems just and proper.


Dated: June 11, 2019               Respectfully Submitted,

                                   By: s/David J.S. Madgett
                                   David J.S. Madgett
                                   MADGETT & KlEIN, PLLC
                                   Atty. Reg. No. 0390494
                                   619 South Tenth Street, Suite 301
                                   Minneapolis, MN 55404
                                   (612) 470-6529
                                   Dmadgett@madgettlaw.com

                                   ATTORNEY FOR PLAINTIFF