# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ROUNDMUP, LLC d/b/a LASSO,

               Plaintiff,

vs.

FACEBOOK, INC.,

               Defendant.

Case No. 19-cv-1604 (JNE/HB)

**DEFENDANT FACEBOOK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Facebook, Inc. ("Facebook") moves to dismiss Plaintiff RoundmUp, LLC d/b/a Lasso's ("RoundmUp") Complaint (ECF 1) for lack of personal jurisdiction.

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................... 1

II.   BACKGROUND AND SUMMARY OF ALLEGATIONS ........................................ 2

      A.   RoundmUp's allegations pertain to trademark infringement
           purportedly caused by the Facebook Lasso App's release. ......................... 2

      B.   Facebook has insubstantial contacts with Minnesota. ................................. 3

      C.   The Facebook Lasso App is available nationally via third-party
           app stores and does not specifically target Minnesota. ............................... 3

III.  STANDARD OF REVIEW .......................................................................................... 4

      A.   RoundmUp bears the burden of showing personal jurisdiction. ............... 4

      B.   Minimum contacts are required for personal jurisdiction. ......................... 5

      C.   Five factors are used to ascertain minimum contacts. ................................. 5

IV.   ARGUMENT .............................................................................................................. 6

      A.   There is no general jurisdiction because there are no exceptional
           facts establishing Facebook is "at home" in Minnesota. .............................. 7

      B.   There is no specific jurisdiction because there are no suit-related
           activities in which Facebook specifically targeted Minnesota. .................. 9

           1.   RoundmUp does not explain how any alleged conduct by
                Facebook relates to the Action. ................................................................ 9

           2.   RoundmUp does not allege any particularized conduct by
                Facebook that specifically targeted Minnesota. ................................. 11

                a)   The availability of the Facebook Lasso App is not
                     the result of a purposeful act by Facebook directed
                     toward Minnesota. ........................................................................ 11

                     (1)   The Facebook Lasso App is available for
                           download nationwide via third-party app
                           stores. ................................................................................ 12

                     (2)   The Facebook Lasso App is not available in
                           Minnesota as a result of specific targeting by
                           Facebook. ........................................................................... 13

           3.   Neither Facebook's alleged awareness of the Lasso Mark
                nor alleged intent to infringe establish purposeful
                availment. ................................................................................................. 16

a)     RoundmUp's unilateral placement of ads for the RoundmUp Lasso App on Facebook does not support the exercise of personal jurisdiction. ....................... 16

b)     Neither awareness of the Lasso Mark nor intent to infringe establishes purposeful availment toward Minnesota. ........................................................................................ 18

C.     The mere happenstance that RoundmUp allegedly suffered harm in Minnesota cannot support personal jurisdiction, irrespective of Minnesota's interests and convenience to RoundmUp. ........................................................................................................ 20

V.     CONCLUSION. ............................................................................................................ 22

# **TABLE OF AUTHORITIES**

## **Cases**

*A.T. Through Travis v. Hahn*,
  341 F. Supp. 3d 1031 (E.D. Mo. 2018).............................................................................13, 14

*Am. Sols. for Bus. v. Fatburger N. Am., Inc.*,
  No. CV 08-272 (JNE/RLE), 2008 WL 11350011 (D. Minn. June 3,
  2008) ............................................................................................................................... 17

*Bird v. Parsons*,
  289 F.3d 865 (6th Cir. 2002) ............................................................................................8

*Block Indus. v. DHJ Indus., Inc.*,
  495 F.2d 256 (8th Cir. 1974) ............................................................................................4

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco
  Cty.*,
  137 S. Ct. 1773 (2017)..................................................................................................... 14

*Cepia, LLC v. Universal Pictures Visual Programming Ltd.*,
  177 F. Supp. 3d 1129 (E.D. Mo. 2016)........................................................................... 17

*Computer Automation Systems, Inc. v. Intelutions, Inc.*,
  2013 WL 522811 (W.D.Ark. 2013) ....................................................................... 19, 20, 21

*Concord, Inc. v. Dakota State Bank*,
  595 F. Supp. 678 (D. Minn. 1984) ..............................................................................11, 19

*Cortec Corp. v. Transilwrap Co.*,
  No. 14-CV-3261 (JNE/JSM), 2015 WL 164173 (D. Minn. Jan. 13, 2015)................ 8, 10

*Cybersell, Inc. v. Cybersell, Inc.*,
  130 F.3d 414 (9th Cir. 1997) ..........................................................................................8, 9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014).........................................................................................................7, 8

*Dennis v. Zuckerberg*,
  No. 4:17CV0670, 2017 WL 3873761 (N.D. Ohio Sept. 5, 2017) ...........................6, 9, 10

*Express Scripts, Inc. v. Care Continuum All., Inc.*,
  No. 4:10CV2235 CDP, 2011 WL 2199967 (E.D. Mo. June 7, 2011) ............................. 18

*Franklin Sports, Inc. v. Gentile*,
No. 01-159 (PAM/JGL), 2001 WL 1640114 (D. Minn. July 20, 2001) .......................... 12

*Fraserside IP L.L.C. v. Hammy Media, Ltd.*,
No. C11-3025-MWB, 2012 WL 124378 (N.D. Iowa Jan. 17, 2012) ............................... 14

*Georgalis v. Facebook, Inc.*,
324 F. Supp. 3d 955 (N.D. Ohio 2018),
*reconsideration denied*, No. 1:18 CV 256, 2018 WL 6018017 (N.D.
Ohio Nov. 16, 2018) ................................................................................................... 8, 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ..................................................................................................... 7, 8

*Gullen v. Facebook.com, Inc.*,
No. 15 C 7681, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016) ....................................... 15

*Harrison v. Facebook, Inc.*,
No. CV 18-0147-TFM-MU, 2019 WL 1090779 (S.D. Ala. Jan. 17, 2019),
*report and recommendation adopted*, No. 1:18-CV-147-TFM-MU, 2019
WL 1102210 (S.D. Ala. Mar. 8, 2019) ............................................................... 9, 10, 15

*Hicklin Eng'g, Inc. v. Aidco, Inc.*,
959 F.2d 738 (8th Cir. 1992) ......................................................................................... 19

*Intellitech Corp. v. Inst. of Elec. & Elecs. Engineers*,
No. 16-CV-9-SM, 2017 WL 758487 (D.N.H. Feb. 27, 2017) ...................................... 20

*Intercarrier Commc'ns LLC v. WhatsApp Inc.*,
No. 3:12-CV-776-JAG, 2013 WL 5230631 (E.D. Va. Sept. 13, 2013) .................... 13, 15

*Johnson v. Arden*,
614 F.3d 785 (8th Cir. 2010) ................................................................................ 5, 6, 9, 19

*Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*,
708 F.2d 1338 (8th Cir. 1983) ............................................................................ 5, 9, 20, 22

*Lindgren v. GDT, L.L.C.*,
312 F.Supp.2d 1125 (S.D. Iowa 2004) ......................................................................... 14

*Lucachick v. NDS Americas, Inc.*,
169 F. Supp.2d 1103 (D. Minn. 2001) ........................................................................... 17

*Lundahl v. JP Morgan Chase Bank*,
No. 5:17-CV-05069-LLP, 2019 WL 3778388 (D.S.D. Aug. 12, 2019) ....................... 22

*Minnesota Pub. Radio v. Virginia Beach Educ. Broad. Found.*,
    519 F. Supp. 2d 970 (D. Minn. 2007) ................................................................. 13, 14

*Mountaire Feeds, Inc. v. Agro Impex, S.A.*,
    677 F.2d 651 (8th Cir. 1982) ..................................................................................... 17

*Ralls v. Facebook*,
    221 F. Supp. 3d 1237 (W.D. Wash. 2016) ........................................................... 8, 15

*Romeo Entm't Grp., Inc. v. Showing Animals Respect & Kindness, Inc.*,
    643 F. Supp. 2d 1109 (D. Neb. 2009) ....................................................................... 21

*Shine Bros. Corp. v. Am. Int'l Grp., Inc.*,
    108 F. Supp. 3d 651 (N.D. Iowa 2015) ..................................................................... 12

*Stanton v. St. Jude Med., Inc.*,
    340 F.3d 690 (8th Cir. 2003) ............................................................................... 12, 16

*Strickland v. Cty. Council of Beaufort Cty.*,
    230 F. Supp. 3d 949 (D. Minn. 2017) ......................................................................... 9

*Thomas v. Chesapeake Energy Corp.*,
    No. 4:06CV1816SNL, 2007 WL 1656268 (E.D. Mo. June 6, 2007) ..................... 10, 11

*Tutu Couture, Inc. v. SML Sport LLC*,
    No. 5:12-CV-05195, 2013 WL 395711 (W.D. Ark. Jan. 31, 2013) ........................... 21

*Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*,
    646 F.3d 589 (8th Cir. 2011) ....................................................................................... 4

*Walden v. Fiore*,
    571 U.S. 277 (2014) ............................................................................................. 16, 20

*World-Wide Volkswagen Corp. v. Woodsen*,
    444 U.S. 286 (1980) ..................................................................................................... 6

*Zaletel v. Prisma Labs, Inc.*,
    226 F. Supp. 3d 599 (E.D. Va. 2016) ............................................................. 11, 13, 15

## Statutes

15 U.S.C. § 1125 ............................................................................................................... 3

Minn. Stat. § 325D.44 ...................................................................................................... 3

Minn. Stat. § 303.13 ..................................................................................................................5

Minn. Stat. § 543.19 ..................................................................................................................5

## I.   **INTRODUCTION**

RoundmUp alleges that in 2017, it launched a mobile phone application ("app") called Lasso ("RoundmUp Lasso App"), which encourages and facilitates its users to eat out with friends by providing local food and restaurant deals in the Twin Cities without charge.  RoundmUp further alleges that it owns a trademark registration for the Lasso trademark ("Lasso Mark").  RoundmUp claims that Facebook released an app called Lasso ("Facebook Lasso App"), which infringes the Lasso Mark, and further claims that Facebook intentionally infringed the Lasso Mark because Facebook was allegedly aware of the RoundmUp Lasso App and Lasso Mark as a result of RoundmUp advertising the RoundmUp Lasso App on Facebook prior to the launch of the Facebook Lasso App.  Facebook disputes these allegations.

As to personal jurisdiction, RoundmUp concedes that Facebook is incorporated in Delaware and headquartered in California, but nonetheless alleges that personal jurisdiction in Minnesota is proper "because Facebook routinely conducts business in this District, has committed tortious acts within the State of Minnesota, and has other contacts with the State of Minnesota."  Compl. ¶ 12.  However, these conclusory allegations fail to satisfy RoundmUp's burden of proving that the exercise of personal jurisdiction over Facebook is proper, which it is not.  General jurisdiction does not exist because RoundmUp does not even try to allege the requisite *exceptional* facts showing that Facebook is especially at home in Minnesota compared to other states.  Nor is there specific jurisdiction because RoundmUp fails to allege *particularized* acts

of purposeful availment by Facebook *specifically targeting Minnesota*, much less explain how such acts *relate to* this action.

Rather, the Facebook Lasso App is generically available nationwide through the third-party Apple App Store and Google Play Store. Facebook neither distributes the app directly, nor specifically targets Minnesotans with it. Further, RoundmUp's formulaic allegations of Facebook's alleged "awareness" of the RoundmUp Lasso App and Lasso Mark and/or "willful" intent to infringe that mark – which are unsupported by any specific factual allegations – do not cure RoundmUp's failure to allege purposeful availment. The requisite minimum contacts analysis focuses on a defendant's intent to target the *forum*, *not* a party who *happens to be* in the forum.

In sum, RoundmUp alleges the existence of personal jurisdiction in Minnesota based on the mere happenstance that RoundmUp's operations are based here. This theory of jurisdiction is contrary to the law, and Facebook accordingly requests that RoundmUp's Complaint be dismissed for lack of personal jurisdiction.

## II.   **BACKGROUND AND SUMMARY OF ALLEGATIONS**

### A.   **RoundmUp's allegations pertain to trademark infringement purportedly caused by the Facebook Lasso App's release.**

Plaintiff RoundmUp is a company incorporated and physically based in Minnesota. Compl. ¶¶ 1, 6. RoundmUp claims to have launched the RoundmUp Lasso App in 2017, described as "a social-media application that encourages and facilitates its users to eat out with friends by providing local food and restaurant deals without charge." *Id.* ¶ 1. RoundmUp also claims it owns a federal trademark registration for

the Lasso Mark.  *Id.* ¶ 2.  In this action, RoundmUp brings five causes of action against Facebook,[1] all of which concern RoundmUp's allegation that the Facebook Lasso App infringes RoundmUp's rights in the Lasso Mark.  *Id.* ¶¶ 3-4, 36-72.

### B.    Facebook has insubstantial contacts with Minnesota.

Facebook is a Delaware corporation with its principal place of business in Menlo Park, California.  Compl. ¶ 7.  Facebook does not have any offices in Minnesota.  Declaration of Michael Duffey ("Duffey Decl.") ¶ 3.  Facebook employs only two full-time employees and two contract employees who work remotely from their places of residence in Minnesota.  Duffey Decl. ¶ 4.  None of these individuals perform any work related to the Facebook Lasso App.  *Id*. ¶ 4.

### C.    The Facebook Lasso App is available nationally via third-party app stores and does not specifically target Minnesota.

The Facebook Lasso App is a short-form video sharing app operating on Apple, Inc.'s ("Apple") iOS and Google LLC's ("Google") Android operating systems, which allows users to create and share their own videos.  Duffey Decl. ¶ 5.  The Facebook Lasso App is not downloadable from the Facebook Website, accessible at www.facebook.com, but is generically accessible nationwide for download without charge via the third-party Apple App and Google Play Stores.  *Id.* ¶ 6; *see also* Compl.

---

[1]      These counts are: (1) federal trademark infringement; (2) false designation of origin under 15 U.S.C. § 1125; (3) unfair competition under 15 U.S.C. § 1125; (4) common law trademark infringement under Minnesota law; and (5) deceptive trade practice under Minn. Stat. § 325D.44.  Compl. ¶¶ 36-72.

¶ 31.  Software updates to the Facebook Lasso App are also only publicly available via these stores.  *Id.* ¶ 8.

Facebook has neither individually nor through third parties specifically targeted the Facebook Lasso App toward Minnesota.  Duffey Decl. ¶ 9.  Indeed, the Facebook Lasso App was not designed specifically for operation in any particular state, much less Minnesota.  *Id.* ¶ 10.  Further, Facebook never sought to facilitate Facebook Lasso App downloads specifically in Minnesota.  *Id.* ¶ 11.  Moreover, while Facebook has promoted the Lasso app through advertisements on the Facebook and Instagram platforms targeted at United States users generally, none of these advertisements have been specifically directed towards or targeted to Minnesotans. *Id.* ¶ 12.

## III.   STANDARD OF REVIEW

### A.   RoundmUp bears the burden of showing personal jurisdiction.

Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must make a "*prima facie* showing" that personal jurisdiction is proper. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011).

Showings of jurisdiction are "tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 260 (8th Cir. 1974).  Courts "will view the evidence in the light most favorable to" plaintiffs, but plaintiffs must "'carr[y] the

burden of proof,'" which "'does not shift to the party challenging jurisdiction.'" *Viasystems*, 646 F.3d at 592.

### B.   Minimum contacts are required for personal jurisdiction.

"Minnesota's long arm statutes, Minn.Stat. §§ 303.13 and 543.19, authorize the assertion of jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process." *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983).  Thus, personal jurisdiction is ascertained by "applying the familiar minimum contacts standard" wherein "nonresident defendants must have certain minimum contacts with the forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (citation omitted).

### C.   Five factors are used to ascertain minimum contacts.

Under the minimum contacts standard, Eighth Circuit courts consider five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Land-O-Nod Co.*, 708 F.2d at 1340.

"The first three factors are primary factors, and the remaining two factors are secondary factors. The third factor distinguishes whether the jurisdiction is specific or general." *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).  Where there is general jurisdiction, personal jurisdiction exists even if the suit "did not arise out of

the defendant's activities directed at the forum." *Id.* at 794–95.  If there is only specific jurisdiction, the suit must "'arise[] out of'" or "'relate[] to'" defendant's contacts with the forum.  *Id.*

## IV. <u>ARGUMENT</u>

RoundmUp's attempt to force Facebook to litigate this action in Minnesota is contrary to constitutional due process protections designed to shield defendants from the burden of litigating in distant and inconvenient fora.  *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 291–92 (1980).

RoundmUp's conclusory jurisdictional allegations lack the requisite particularity for supporting either general or specific jurisdiction.  *Compare* Compl. ¶ 12 (alleging "routine business," "tortious acts," and "other contacts") *with Dennis v. Zuckerberg*, No. 4:17CV0670, 2017 WL 3873761, at *2 (N.D. Ohio Sept. 5, 2017) (allegation that Facebook and Mark Zuckerberg "'conduct[ed] business in Ohio'" and "'violated Section 18 of the Trade Secrets Act in Ohio'" "is purely conclusory" and "does not establish 'with reasonably particularity'" general or specific jurisdiction). Further, absent activities specifically directed toward Minnesota, the mere fact that the Facebook Lasso App is nationally available cannot support personal jurisdiction. Facebook therefore respectfully submits that RoundmUp's Complaint should be dismissed for lack of personal jurisdiction.

### A. **There is no general jurisdiction because there are no exceptional facts establishing Facebook is "at home" in Minnesota.**

General jurisdiction is only proper where a defendant's "affiliations with the State are so continuous and systematic as to render [it] essentially at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal marks omitted).  Normally, a corporate defendant is "at home" only in its "place of incorporation and principal place of business."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Only in "exceptional case[s]" may general jurisdiction exist in additional fora if the defendant's contacts are "so substantial and of such a nature as to render [it] at home."  *Daimler*, 571 U.S. at 139 n.19.  This demanding standard cannot be met by merely alleging a corporation does business in a forum.  *Id.* at 139 ("A corporation that operates in many places can scarcely be deemed at home in all of them.").  A lower standard would render "'at home'" "synonymous with [merely] 'doing business.'"  *Id.*

Here, RoundmUp concedes that Minnesota is neither Facebook's state of incorporation nor principal place of business,[2] but fails to allege any requisite "exceptional" facts showing Facebook has operations in Minnesota that are "so substantial and of such nature" as to render it "at home."  *Daimler*, 571 U.S. at 137 n.19.  Rather, RoundmUp merely generally alleges that Facebook "routinely conducts business" and "has other contacts with" Minnesota, (Compl. ¶ 12), which as many

---

[2]     Compl. ¶ 7 (Facebook "is a Delaware corporation" with "its principal place of business" in California).

courts have concluded, is a far cry from establishing general jurisdiction.  *Daimler*, 571 U.S. at 139; *Cortec Corp. v. Transilwrap Co.*, No. 14-CV-3261 (JNE/JSM), 2015 WL 164173, at *3 (D. Minn. Jan. 13, 2015) (Ericksen, J.) (no general jurisdiction); *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1243–44 (W.D. Wash. 2016) ("Mr. Ralls has not shown that this is an 'exceptional case,' *Daimler*, 134 S.Ct. at 761 n.19, in which a corporation [Facebook] incorporated in Delaware with its principal place of business in California is subject to general jurisdiction in Washington . . . *See Goodyear*, 564 U.S. at 924, 131 S.Ct. 2846 ('[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . .').").

Nor does the national availability of the Facebook social networking platform, or the Facebook Lasso App's national availability on third-party app stores, confer general jurisdiction.  *See* Compl. ¶ 31.  Indeed, courts around the country have rejected the proposition that merely running a nationally accessible website, which is akin to publishing a mobile app that is downloadable nationwide, is sufficient to establish general jurisdiction, and have accordingly dismissed claims against Facebook for lack of general jurisdiction on this basis.  *See, e.g.*, *Georgalis v. Facebook, Inc.*, 324 F. Supp. 3d 955, 960 (N.D. Ohio 2018), *reconsideration denied*, No. 1:18 CV 256, 2018 WL 6018017 (N.D. Ohio Nov. 16, 2018) (dismissing suit against Facebook because *inter alia* "[a] nonresident corporation's maintenance of a 'website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction.' *Bird*, 289 F.3d at 874 (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419–20 (9th

Cir. 1997))."); *accord Dennis*, 2017 WL 3873761, at *2 (no general jurisdiction over Facebook); *Harrison v. Facebook, Inc.*, No. CV 18-0147-TFM-MU, 2019 WL 1090779, at *3 (S.D. Ala. Jan. 17, 2019), *report and recommendation adopted*, No. 1:18-CV-147-TFM-MU, 2019 WL 1102210 (S.D. Ala. Mar. 8, 2019) ("Facebook, an internet-based social networking platform, is accessible anywhere in the United States . . . . The Court finds that these facts do not present an 'exceptional case' and, rather, demonstrate that Facebook is not 'essentially at home' in Alabama."). Likewise here, general jurisdiction cannot properly be exercised over Facebook.

**B.      There is no specific jurisdiction because there are no suit-related activities in which Facebook specifically targeted Minnesota.**

For the exercise of specific jurisdiction to be proper, Facebook's "*suit-related* conduct must create a *substantial connection* with [Minnesota]." *Strickland v. Cty. Council of Beaufort Cty.*, 230 F. Supp. 3d 949, 958 (D. Minn. 2017) (citation omitted; emphases added). These connections must show that Facebook "purposefully availed" itself "of the benefits and protections of Minnesota." *Johnson*, 614 F.3d at 794. Here, RoundmUp neither adequately explains how Facebook's alleged activities giving rise to personal jurisdiction relate to the action, nor does it allege any conduct by Facebook showing purposeful availment.

**1.      RoundmUp does not explain how any alleged conduct by Facebook relates to the Action.**

Only suit-related conduct supports specific jurisdiction. *See, e.g.*, *Land-O-Nod*, 708 F.2d at 1341 (no personal jurisdiction where there was no "connection" between

plaintiff's "cause of action" and defendant's "sales activity" "in Minnesota"). Numerous suits against Facebook have been dismissed for lack of personal jurisdiction where plaintiffs fail to explain with particularity how alleged forum contacts relate to their suits.[3]

Here, RoundmUp's vague allegation that "[p]ersonal jurisdiction is proper because Facebook routinely conducts business in this District, has committed tortious acts within the State of Minnesota, and has other contacts with the State of Minnesota" (Compl. ¶ 12) is wholly insufficient to support specific jurisdiction because RoundmUp fails to explain with particularity how these alleged activities relate to the claims asserted in its Complaint. As in *Cortec*, 2015 WL 164173, at *5, "[t]he record here . . . reveals no connection between [RoundmUp's] cause of action for trademark infringement and any sales activity by [Facebook] in Minnesota." *See also Thomas v. Chesapeake Energy Corp.*, No. 4:06CV1816SNL, 2007 WL 1656268, at *5 (E.D. Mo. June

---

[3]     *See, e.g., Georgalis*, 324 F. Supp. 3d at 961 ("Plaintiff's claim is that by deleting content from his Facebook account, Defendant [Facebook] stole his property and violated his constitutional rights. *Those claims are unrelated to and do not arise from Defendant's claimed sale of targeted marketing to Ohio residents* and, therefore, *do not support the court's exercise of specific jurisdiction over Defendant*. Plaintiff's broad allegation that Defendant deleted content posted by a Facebook user who happens to reside in Ohio also fails to establish with *reasonable particularity* any specific conduct (or deleted content) by Defendant that would support an exercise of specific jurisdiction in Ohio.") (citations omitted; emphases added); *Dennis*, 2017 WL 3873761, at *2 (no specific jurisdiction where allegations do "not establish 'with reasonable[] particularity' any specific facts" such as "specific conduct on the part of Defendant[]" Facebook); *Harrison*, 2019 WL 1090779, at *4 ("Plaintiff's allegations . . . fail to show 'with reasonable particularity any specific conduct . . . by [Facebook] that would support an exercise of specific jurisdiction' in Alabama") (citation omitted; last alteration in original).

6, 2007)  ("Plaintiffs fail to describe this [alleged] 'minimal contact'; fail to describe the [alleged] 'business relationship' between the parties; and *most importantly, fail to describe how any particularized/identified contact is relevant to this cause of action.* . . . The Court finds that this Court lacks personal jurisdiction . . . .") (emphasis added).

### 2. RoundmUp does not allege any particularized conduct by Facebook that specifically targeted Minnesota.

The purposeful availment analysis must focus on the relationship between Facebook, Minnesota, and the claims alleged in the Complaint.  *Concord, Inc. v. Dakota State Bank*, 595 F. Supp. 678, 680 (D. Minn. 1984) (The "court must consider the 'relationship among the defendant, the forum and the litigation'") (citation omitted). RoundmUp fails to allege any conduct by Facebook that is particularized and specifically targeted to Minnesota.  Indeed, there is none.

#### a) *The availability of the Facebook Lasso App is not the result of a purposeful act by Facebook directed toward Minnesota.*

The Facebook Lasso App's availability for download by Minnesota users does not establish the requisite purposeful availment for specific jurisdiction because it does not result from acts *by Facebook* that are *specifically directed* toward Minnesota. Instead, the Facebook Lasso App is made available for download nationwide by third-party app stores, and does not target any particular state.  *See Zaletel v. Prisma Labs, Inc.*, 226 F. Supp. 3d 599, 611 (E.D. Va. 2016) ("[D]efendant's distributor, not defendant, makes the app available for download to a user's device. Put simply, defendant has merely used nationwide app stores to place defendant's product in the

stream of commerce, without targeting or directing its activity toward Virginia in particular.").

### (1)   The Facebook Lasso App is available for download nationwide via third-party app stores.

Contacts establishing purposeful availment must be *initiated by* Facebook. *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693–94 (8th Cir. 2003) ("[R]andom, fortuitous, or attenuated contacts" or "*unilateral activity of another party or a third person*" is insufficient because "defendant *himself*" has to "create a substantial connection") (internal quotation marks and citations omitted; last emphasis in original).   Contacts attributable to third parties are insufficient to establish purposeful availment. *See, e.g.*, *Shine Bros. Corp. v. Am. Int'l Grp., Inc.*, 108 F. Supp. 3d 651, 670 (N.D. Iowa 2015) (although letter denying insurance coverage gave rise to the litigation, the letter was not sent by defendants, but by the agent of an affiliated company); *Franklin Sports, Inc. v. Gentile*, No. 01-159 (PAM/JGL), 2001 WL 1640114, at *3 (D. Minn. July 20, 2001) ("[T]he fact that [third-party] Mylec may have marketed and sold [defendant] Gentile's [allegedly patent-infringing] street-hockey ball in Minnesota" does not "establish jurisdiction" over Gentile, who "merely contract[ed]" with Mylec.).

As set forth above, Facebook does not offer downloads of the Facebook Lasso App.   Duffey Decl. ¶ 6.   Rather, third-party app stores enable users nationwide to download the Facebook Lasso App free of charge.   *Id.* ¶ 6.   Courts have consistently held that mobile apps available for nationwide download from third-party app stores

do not establish personal jurisdiction.  *See, e.g., Zaletel*, 226 F. Supp. 3d at 604 (no

personal jurisdiction in trademark infringement suit where "[allegedly infringing]

app [wa]s not available for download directly on defendant's website" and "rather,

defendant's website include[d] links to the Apple App Store and the Google Play

Store"); *Intercarrier Commc'ns LLC v. WhatsApp Inc.*, No. 3:12-CV-776-JAG, 2013 WL

5230631, at *1 (E.D. Va. Sept. 13, 2013) (no personal jurisdiction in patent

infringement suit where defendant "WhatsApp does not directly receive payment"

and  "instead" "uses third parties (such as Apple Inc.'s iTunes App Store) to process

payments and transmit a portion of those payments to WhatsApp").  Thus, because

third-parties – not Facebook – make the Facebook Lasso App available in Minnesota,

Facebook cannot be said to have purposefully availed itself of doing business in

Minnesota.

> **(2)    The Facebook Lasso App is not available in
> Minnesota as a result of specific targeting by
> Facebook.**

Further,  purposeful  availment  requires  "particularized  actions"  "taken  by"

Facebook "specifically target[ing]" Minnesota.  *Minnesota Pub. Radio v. Virginia Beach

Educ. Broad. Found.*, 519 F. Supp. 2d 970, 978 (D. Minn. 2007).  "Diffuse, nationwide

conduct" that happens to affect Minnesota is insufficient.  *A.T. Through Travis v. Hahn*,

341 F. Supp. 3d 1031, 1038 (E.D. Mo. 2018); *cf. Minnesota Pub. Radio*, 519 F. Supp. 2d

at 977–78 (holding there was no personal jurisdiction in a trademark infringement

action because "developing a national, or international audience" via a "website"

"does not disclose any intent, by [defendant] VBE, to specifically target Minnesota residents" since the issue was "not whether VBE's websites, and streaming audio broadcasts, are accessible in Minnesota, but whether that generic availability constitutes actions specifically targeted to [Minnesota]"). Thus, the mere accessibility of an online app in Minnesota is insufficient for establishing personal jurisdiction.

Here, Facebook did not engage in particularized actions specifically targeting Minnesotans, and RoundmUp does not allege any such specific targeting. As set forth above, the Facebook Lasso App is generically available to app store users nationwide, and is no more targeted toward Minnesota than any other state.[4]   Duffey Decl. ¶¶ 6, 9-12.  Indeed, the availability of the Facebook Lasso App in third-party app stores was not made with the intention of penetrating any particular state, much less Minnesota.[5] *Id.* at ¶¶ 6, 9-12.  Further, Facebook Lasso App users – not Facebook – have unilateral control over where these downloads take place, such that downloads by Minnesotans

---

[4]    *See e.g.*, *Minnesota Pub. Radio*, 519 F. Supp. 2d at 977–78 ("generic availability" insufficient); *Fraserside IP L.L.C. v. Hammy Media, Ltd.*, No. C11-3025-MWB, 2012 WL 124378, at *8 (N.D. Iowa Jan. 17, 2012) (personal jurisdiction improper in copyright and trademark infringement suit where "website" "'is arguably no more directed at Iowa than at Uzbekistan[]'") (quoting *Lindgren v. GDT*, *L.L.C.*, 312 F.Supp.2d 1125, 1131 (S.D. Iowa 2004)).

[5]    *See, e.g.*, *A.T.*, 341 F. Supp. 3d at 1038 ("*Barone*, focusing on defendant's attempt to penetrate a *discrete trade area*, invokes at least some tinge of the targeting-based conduct embraced by . . . *Bristol-Myers*[ *Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781-83 (2017)]. However, unlike *Barone*, plaintiffs admit here that [defendant] Good Will *uses distributors 'coast to coast' to sell to the whole of the United States, which is the sort of diffuse, nationwide conduct denied in Bristol-Myers*. *Id.* at 1781.") (emphases added).

of the Facebook Lasso App occur through mere happenstance, not Facebook's purposeful availment in Minnesota.[6] *Id.* at ¶ 7.

In sum, the mere fact that the Facebook Lasso App is nationally accessible and can be downloaded by Minnesotans does not establish specific jurisdiction over Facebook. Indeed, courts have consistently held that the mere accessibility (and concomitant unilateral use) of Facebook's services in a forum does not confer personal jurisdiction.[7] Further, as indicated by other courts, there appears to be no authority holding that mere provisioning of nationally accessible mobile applications for download establishes personal jurisdiction.[8]

---

[6]     *See, e.g.*, *Zaletel*, 226 F. Supp. 3d at 612 ("[D]efendant's 'Prisma' app ... is purchased in Virginia only when a user elects to download defendant's app while that user happens to be located in Virginia.") (emphases added).

[7]     *See, e.g., Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016) ("Because plaintiff does not allege that Facebook targets its alleged biometric collection activities at Illinois residents, the fact that its site is accessible to Illinois residents does not confer specific jurisdiction over Facebook."); *Ralls*, 221 F. Supp. 3d at 1244 ("[P]ersonal jurisdiction over Facebook may not exist simply because a user avails himself of Facebook's services in a state other than the states in which Facebook is incorporated and has its principal place of business) (citing *Gullen*, 2016 WL 245910, at *2); *Harrison*, 2019 WL 1090779, at *4 (dismissing suit against Facebook because *inter alia* the court "agree[d] with other courts" holding "that 'personal jurisdiction over Facebook may not exist simply because a user avails [her]self of Facebook's services in a state other than the states in which Facebook is incorporated and has its principal place of business.'") (citations omitted; alteration in original).

[8]     *See, e.g.*, *Zaletel*, 226 F. Supp. 3d at 611; *Intercarrier*, 2013 WL 5230631, at *4 ("This Court does not agree with ICC's argument that a company 'consciously' or 'deliberately' targets a forum if a user unilaterally downloads or uses its software within that forum, *nor does ICC cite any authority supporting its broad interpretation of specific jurisdiction*.") (emphasis added).

### 3. Neither Facebook's alleged awareness of the Lasso Mark nor alleged intent to infringe establishes purposeful availment.

RoundmUp's allegations that Facebook (1) was "aware" of the Lasso Mark by virtue of RoundmUp's placement of ads for the RoundmUp Lasso App on Facebook, and (2) "intentionally" caused confusion, (Compl. ¶¶ 3, 66), are insufficient to establish personal jurisdiction, as neither awareness nor intent can cure RoundmUp's failure to adequately allege purposeful availment. Stated differently, these allegations amount to nothing more than a claim that RoundmUp of its own volition decided to place advertisements and entered into a contract with Facebook, which as set forth below, plainly fails to meet the test for personal jurisdiction.

#### a) *RoundmUp's unilateral placement of ads for the RoundmUp Lasso App on Facebook does not support the exercise of personal jurisdiction.*

As explained above, unilateral activity by parties other than the defendant does not support personal jurisdiction. *Stanton*, 340 F.3d at 693–94; Section IV.B.2, *supra*. Thus, specific jurisdiction is inappropriate where unilateral actions by plaintiffs are the "only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Here, RoundmUp's allegations regarding Facebook's awareness of the Lasso Mark are based on RoundmUp's unilateral placement of advertising for the RoundmUp Lasso App on Facebook. *See* Compl. ¶¶ 3, 42. RoundmUp does not allege that Facebook was aware of the Lasso Mark because of any action Facebook undertook toward Minnesota.

16

RoundmUp's unilateral actions in contracting to place advertisements for the RoundmUp Lasso App on Facebook, which allegedly gave rise to Facebook's awareness of the RoundmUp Lasso App and Lasso Mark, are irrelevant to proving that the exercise of personal jurisdiction over Facebook in Minnesota is proper. *See Am. Sols. for Bus. v. Fatburger N. Am., Inc.*, No. CV 08-272 (JNE/RLE), 2008 WL 11350011, at *4 (D. Minn. June 3, 2008) ("'[I]t is a defendant's contacts with the forum state that are of interest in determining if in personam jurisdiction exists, not its contacts with a resident,' and '[m]erely entering into a contract with a forum resident does not provide the requisite contacts between a (nonresident) defendant and the forum state.'") (quoting *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 665 (8th Cir. 1982)); *see also Lucachick v. NDS Americas, Inc.*, 169 F. Supp. 2d 1103, 1107 (D. Minn. 2001)("Entering into [a] contract is by itself insufficient grounds upon which to predicate the exercise of this Court's jurisdiction."); *Cepia, LLC v. Universal Pictures Visual Programming Ltd.*, 177 F. Supp. 3d 1129, 1147 (E.D. Mo. 2016) ("Likewise, a contract between a plaintiff and an out-of-state defendant is not sufficient in and of itself to establish personal jurisdiction over the defendant in the plaintiff's forum state. . . . . Further, simply knowing that [plaintiff] Cepia was a Missouri corporation does not create minimum contacts because the plaintiff cannot be the only link between the defendant and the forum. . . . Thus, Cepia has failed to meet its burden of proof with regard to the nature and quality of these communications for the Court to

exercise personal jurisdiction.") (internal quotation marks, alterations, and citations omitted).

> **b)** **_Neither awareness of the Lasso Mark nor intent to infringe establishes purposeful availment toward Minnesota._**

Further, neither awareness of the Lasso Mark nor an intent to infringe that mark would establish that Facebook purposefully directed any activities toward Minnesota. Mere awareness of a trademark and its owner's base of operations in a forum state demonstrates neither an intent to target said forum nor the existence of contacts sufficient to support jurisdiction. *See Express Scripts, Inc. v. Care Continuum All., Inc.*, No. 4:10CV2235 CDP, 2011 WL 2199967, at \*4 (E.D. Mo. June 7, 2011) ("Plaintiffs seem to argue that Care Continuum must have known the full brunt of its alleged tortious acts would be felt in Missouri *because Care Continuum contacted Express Scripts and because Express Scripts is headquartered here*. This argument is without merit. Even if plaintiffs adduced evidence that Care Continuum *knew Express Scripts owned the mark and resided in Missouri*, this fact alone would be insufficient to confer personal jurisdiction" "because there is *no evidence that Care Continuum ever targeted this state or had any other contacts with it.*") (emphases added). Thus, neither Facebook's alleged knowledge of RoundmUp's use of the Lasso Mark nor understanding that RoundmUp is based in Minnesota would be sufficient to establish personal jurisdiction.

Moreover, the purposeful availment analysis focuses on Facebook's contacts *with Minnesota*, *not* entities that happen to be in Minnesota. *Cf. Concord*, 595 F. Supp. at 680 ("This analysis must focus on the defendant's contact with the forum state, not on the defendant's contacts with residents of the forum.").  Thus, because an intent to harm a plaintiff who happens to reside in a forum is *not* the same as an intent to target said forum, a mere alleged intent to harm the plaintiff does not establish personal jurisdiction. *See, e.g., Johnson*, 614 F.3d at 796-97 (defamation allegations "fail[] to show that [defendant] Heineman uniquely or expressly aimed her statements at Missouri" because these "statements were aimed at the Johnsons [Missouri citizens]" and "the inclusion of 'Missouri' in the posting was incidental and not 'performed for the very purpose of having their consequences' felt in Missouri"); *Hicklin Eng'g, Inc. v. Aidco, Inc.*, 959 F.2d 738, 739 (8th Cir. 1992) ("Although this [intentional] promotion and solicitation [directly pertaining to the plaintiff and its customers] may have an effect on [plaintiff] competitor, absent additional contacts, this effect alone will not be sufficient to bestow personal jurisdiction."); *accord Computer Automation Sys., Inc. v. Intelutions, Inc.*, 2013 WL 522811, at *8 (W.D.Ark. 2013) (personal jurisdiction requires "something more than the defendants' knowledge that the plaintiff would feel the brunt of the injury in her state of residence").

Indeed, a contrary rule would impermissibly enable a plaintiff to sue any defendant wherever the plaintiff is located simply because it allegedly suffered harm

there.[9]   Accordingly, RoundmUp's allegations regarding Facebook's alleged intent to infringe also fail to establish purposeful availment toward Minnesota.

**C.**     **The mere happenstance that RoundmUp allegedly suffered harm in Minnesota cannot support personal jurisdiction, irrespective of Minnesota's interests and convenience to RoundmUp.**

In the absence of minimum contacts, neither the forum state's interest nor convenience to the plaintiff can establish personal jurisdiction.   *Computer Automation*, 2013 WL 522811, at *7 ("[T]he final two *Land–O–Nod* factors [regarding forum state interests and the parties' convenience]" "*cannot outweigh* the first three factors [regarding requisite minimum contacts].") (emphasis added; citing *Land–O–Nod*, 708 F.2d at 1340).

Here, as set forth above, there are insufficient minimum contacts for exercising either general or specific jurisdiction over Facebook.   Sections IV.A-B, *supra*. Facebook never purposefully availed itself of conducting business in Minnesota in a way that relates to the claims asserted by RoundmUp, and Roundmup does not allege otherwise.   Section IV.B, *supra*.   And RoundmUp was not harmed in Minnesota as a result of any action by Facebook directed to this forum.   RoundmUp was allegedly

---

[9]      *See, e.g., Intellitech Corp. v. Inst. of Elec. & Elecs. Engineers*, No. 16-CV-9-SM, 2017 WL 758487, at *7 (D.N.H. Feb. 27, 2017) ("[*Walden*, 571 U.S. at 290,] marks the death knell of those cases holding that where 'intentional' copyright infringement is alleged . . . plaintiff's *mere presence* in the forum constitutes harm sufficient to establish specific jurisdiction . . . . [*T]o rule otherwise would essentially be to hold that a copyright holder can always sue wherever it happens to be located.*") (citation omitted; emphases added).

harmed in Minnesota because it happened to be a Minnesota resident.  Section IV.B.3, *supra*.

Given the absence of minimum contacts, any interest Minnesota has in providing a forum for RoundmUp cannot establish personal jurisdiction because it does not outweigh the undue burden that litigating in Minnesota imposes on Facebook.  *See, e.g.*, *Romeo Entm't Grp., Inc. v. Showing Animals Respect & Kindness, Inc.*, 643 F. Supp. 2d 1109, 1113 (D. Neb. 2009) ("SHARK has not fully availed itself of the privilege of conducting its activities within the state . . . . [A]ny interest Nebraska may have in providing a forum for its residents in this case *does not outweigh* the undue burden that litigating in Nebraska imposes on SHARK.  Because the Court finds that the constitutional requirements of due process have not been satisfied, the Court does not have personal jurisdiction over SHARK.") (emphasis added); *Computer Automation*, 2013 WL 522811, at *7 ("Arkansas' 'interest in providing its residents with a forum *cannot make up for* the absence of minimum contacts.'") (citation omitted; emphasis added).

Moreover, any convenience to RoundmUp of litigating in Minnesota does not outweigh the absence of minimum contacts by Facebook – even if Minnesota has an interest in providing a forum for this Action – such that the exercise of personal jurisdiction over Facebook would be proper.  *Tutu Couture, Inc. v. SML Sport LLC*, No. 5:12-CV-05195, 2013 WL 395711, at *8 (W.D. Ark. Jan. 31, 2013) ("Even if the Court were to assume that the fourth factor, which concerns the interest of the forum in

litigating this matter, weighed in favor of Plaintiffs, it appears that the fifth and final factor, the convenience of the parties, is a draw: *litigating this case in Arkansas would be convenient for Plaintiffs but inconvenient for Defendants. The Court therefore concludes that because the convenience of Plaintiffs does not outweigh the overall absence of minimum contacts* in this case, specific jurisdiction is not justified.") (emphasis added).

In sum, any considerations regarding Minnesota's interest and convenience to RoundmUp cannot overcome the absence of minimum contacts necessary for personal jurisdiction – especially when RoundmUp's complaint wholly fails to address these secondary considerations. *See, e.g.*, *Lundahl v. JP Morgan Chase Bank*, No. 5:17-CV-05069-LLP, 2019 WL 3778388, at *3 (D.S.D. Aug. 12, 2019) ("Plaintiffs do not address [in their complaint or elsewhere] the interests of the forum state or the convenience of this lawsuit to all parties. Because plaintiffs have failed to show that one defendant has minimum contacts with this forum, all motions to dismiss due to lack of personal jurisdiction are granted."); *Land-O-Nod*, 708 F.2d at 1340 (the forum state's interest and convenience to the parties are of "secondary importance and not determinative" when there is no purposeful availment).

## V.   <u>CONCLUSION</u>

Because neither general nor specific jurisdiction can properly be exercised over Facebook, Facebook respectfully asks the Court to dismiss RoundmUp's Complaint for lack of personal jurisdiction.

Date:  September 3, 2019          s/ Robert J. Gilbertson
                                  Robert J. Gilbertson (Reg. No. 22361X)
                                  GREENE ESPEL PLLP
                                  222 S. Ninth Street, Suite 2200
                                  Minneapolis, MN 55402
                                  Telephone:  (612) 373-0830
                                  Email:        BGilbertson@GreeneEspel.com

                                  and

                                  Dennis L. Wilson (*pro hac vice forthcoming*)
                                  Caroline Y. Barbee (*pro hac vice forthcoming*)
                                  KILPATRICK TOWNSEND & STOCKTON LLP
                                  9720 Wilshire Blvd., PH Suite
                                  Beverly Hills, CA 90212-2018
                                  Telephone:  (310) 248-3830
                                  Email:        dwilson@kilpatricktownsend.com
                                                cbarbee@kilpatricktownsend.com

                                  *Attorneys for Defendant Facebook, Inc.*